UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESHAUN PERRY TUCKER,

    Plaintiff,

v.                                           Case No: 8:21-cv-2776-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Defendant's Motion to Quash Service and to Dismiss ("Motion") (Dkt. 8) and Plaintiff's Response in Opposition (Dkt. 10). For the reasons that follow, the court recommends that the Motion be granted and Plaintiff be granted leave to cure the deficient service and amend the Complaint.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits with the Social Security Administration ("SSA") on July 17, 2018. (Dkt. 8-1.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (*Id.*) Plaintiff then requested an administrative hearing before an Administrative Law Judge ("ALJ"). (*Id.*) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's

claims for benefits. (Dkt. 8-1.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Dkt. 8-2.)

Plaintiff then filed a Complaint in the Sixth Judicial Circuit Court for Pinellas County. (Dkt. 1-1.) In the Complaint, Plaintiff seeks damages in excess of $15,000 from Defendant for Social Security compensation benefits. (*Id.*) Plaintiff further contends that pursuant to the Americans with Disabilities Act ("ADA"), he is entitled to compensation for the time he has been unemployed. (*Id.*) Defendant removed this case on November 29, 2021.

Defendant now moves the court to quash service and dismiss the Complaint. (Dkt. 8.) Defendant further asks the court to direct Plaintiff to serve Defendant pursuant to Federal Rule of Civil Procedure 4 and grant Plaintiff leave to amend his Complaint, if warranted. (*Id.*) Plaintiff opposes the Motion and argues that Defendant was served correctly and that Defendant owes him damages for past-due Social Security benefits. (Dkt. 10.)

## ANALYSIS

### A. Motion to Quash

"Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007). However, if service is "insufficient but curable," courts should "quash the service and give the plaintiff an opportunity to re-serve the defendant." *Edwards-Conrad v. S. Baptist*

*Hosp. of Fla., Inc.*, No. 3:13-cv-260-J-25MCR, 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013).

Where, as here, the case is originally filed in state court, state law governs whether service was properly made. *See Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019). Florida Statutes § 48.031(1)(a) provides that service of process must be made by delivering a copy of the complaint to "the person to be served." Pursuant to the SSA regulations, suits against the Commissioner must be served on the SSA's Office of General Counsel. 20 C.F.R. § 423.1.

Here, Plaintiff served the Complaint on the Acting United States Attorney for the Middle District of Florida. (Dkt 1-4.) Plaintiff did not serve the SSA's Office of General Counsel. This is insufficient service on the Commissioner under Florida law. *Williams v. Comm'r of Soc. Sec.*, No. 8:20-cv-3096-CEH-AAS, 2021 WL 1165593, at *2 (M.D. Fla. Mar. 8, 2021), *report and recommendation adopted,* No. 8:20-cv-3096-CEH-AAS, 2021 WL 1165224 (M.D. Fla. Mar. 26, 2021). Therefore, the undersigned recommends that the Commissioner's motion to quash be granted.

However, as stated by the Commissioner, Plaintiff should be given an opportunity to cure the deficient service. *Id.* As this action has been removed to federal court, "federal law governs subsequent attempts at service." *Mochrie v. R.J. Reynolds Tobacco Co.*, No. 2:16-cv-306-FTM-38CM, 2016 WL 6681062, at *2 (M.D. Fla. Nov. 14, 2016). Under Federal Rule of Civil Procedure 4, service upon a United States agency or official, such as the Commissioner, must be made by delivering a copy of the summons and complaint on the United States attorney where the action is brought

and by registered or certified mail to the agency. Fed. R. Civ. P. 4(i). Additionally, the Chief Judge of the Middle District of Florida entered a standing order dated December 7, 2021[1] relating to case management and service in social security cases. *In re: Administrative Orders of the Chief Judge*, No. 3:21-cv-1-TJC, ECF No. 43 (Dec. 7, 2021). Pursuant to the standing order, when a social security case is filed in this district, the Clerk of Court must enter the contact information of the applicable Assistant United States Attorney and the standing order on the docket. *Id.* Unless the Commissioner moves for service under Rule 4 within fourteen days after the Clerk enters the standing order on the docket, "service of process is considered waived" and the Commissioner is directed to respond to the complaint. *Id.* Accordingly, if the court finds that Plaintiff should be granted leave to cure the deficient service as recommended, it is further recommended that the court direct service be accomplished in accordance with the standing order.

### B. Motion to Dismiss

The Commissioner also moves to dismiss Plaintiff's Complaint because it seeks damages against the Commissioner. (Dkt. 8 at 5.) The Commissioner argues that Plaintiff's claim, as currently pleaded, is barred by sovereign immunity and is therefore subject to dismissal due to lack of subject matter jurisdiction. (*Id.*) The Commissioner further states that Plaintiff "should be permitted to amend his complaint to seek

---

[1] The standing order was entered after Plaintiff commenced this action and Defendant removed this case.

- 4 -

judicial review of the Commissioner's final decision" denying Plaintiff's claim for benefits. (*Id.*)

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Before the court can exercise jurisdiction over the federal government, the government must consent to suit in some manner. *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Asociacion de Empleados del Area Canalera v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006). "Therefore, except in the limited circumstances in which it has waived sovereign immunity, the Commissioner is shielded from suit." *Sutton v. Comm'r of Soc. Sec.*, No. 6:20-cv-190-ORL-18EJK, 2020 WL 4905391, at *2 (M.D. Fla. July 27, 2020), *report and recommendation adopted*, No. 6:20-cv-190-ORL-18EJK, 2020 WL 4904644 (M.D. Fla. Aug. 20, 2020).

The Social Security Act provides a limited waiver of the Commissioner's sovereign immunity. In section 205(g), the Social Security Act provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). This limited waiver of sovereign immunity applies only where a plaintiff "timely seeks judicial review of a final decision issued by the Commissioner." *Sutton*, 2020 WL 4905391, at *2. The Social Security Act does not provide for a general waiver of sovereign immunity in all actions for damages allegedly arising from the Commissioner's decision to deny an application for benefits. *Williams*, 2021 WL 1165593, at *3. Insofar as Plaintiff seeks to pursue a claim for damages against the Commissioner, the undersigned recommends that such claim is barred by sovereign immunity and does not fall within the scope of the limited waiver set forth in § 405(g).

To the extent Plaintiff's Complaint could be construed to assert a claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), *Bivens* does not apply. Rather, *Bivens* provides a basis to bring suit against a federal official in his or her individual capacity for violating a constitutional right. *Id.* However, the Supreme Court expressly declined to allow a *Bivens* remedy for the denial of social security benefits. *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) ("The Act, however, makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits."); *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) ("The Supreme Court has declined to imply a *Bivens* remedy for monetary damages for people improperly denied social security benefits.").

Likewise, to the extent Plaintiff's Complaint could be construed to assert a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), the FTCA does not provide a basis for this court's jurisdiction. The FTCA provides another limited waiver

of sovereign immunity for negligent actions by federal employees within the scope of their official duties. 28 U.S.C. § 1346(b)(1). However, in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 8 (2000), the Supreme Court explained that 42 U.S.C. § 405(h) precludes FTCA jurisdiction for claims against the Commissioner arising out of the denial of benefits. *See also Raczkowski v. United States*, 138 F. App'x 174, 175 (11th Cir. 2005). Plaintiff does not identify any basis for a negligence claim separate from the Commissioner's denial of Plaintiff's application of benefits. Therefore, the FTCA also does not provide a basis for this court's jurisdiction. *Williams*, 2021 WL 1165593, at *3–4.

Finally, insofar as Plaintiff implies that he is entitled to compensation pursuant to the ADA, the ADA does not provide a right to compensation for disabled persons while unemployed. 42 U.S.C. §§ 12101–12213. Moreover, Plaintiff has not identified—and the court is not aware of—any waiver of the Commissioner's sovereign immunity in the ADA applicable to Plaintiff's claim. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied.") (internal citations omitted).

## C. Leave to Amend

The Commissioner does not dispute that Plaintiff timely filed this action to seek review of the denial of Plaintiff's application for benefits. (Dkt. 8 at 10; *see* Dkts. 1-1 and 1-4 at 3.) As the case has been removed to federal court, the Commissioner does not object to the court exercising jurisdiction over a claim properly pleaded under 42 U.S.C. § 405(g). (Dkt. 8 at 10.) Therefore, the undersigned recommends that Plaintiff be granted leave to amend the Complaint.

Accordingly, it is **RECOMMENDED**:

1. Defendant's Motion to Quash Service and to Dismiss (Dkt. 8) be **GRANTED** as set forth herein.

2. Plaintiff's service of the Complaint be **QUASHED** and Plaintiff be granted leave to cure the deficient service in accordance with the Federal Rules of Civil Procedure and the standing order, *In re: Administrative Orders of the Chief Judge*, No. 3:21-cv-1-TJC, ECF No. 43 (Dec. 7, 2021).

3. Plaintiff's claim as set forth the Complaint (Dkt. 1-1) be **DISMISSED** for lack of subject matter jurisdiction.

4. Plaintiff be granted leave to file an amended complaint that sets forth a basis for this court's subject matter jurisdiction.

**IT IS SO REPORTED** in Tampa, Florida, on April 12, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record