UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DESHAUN PERRY-TUCKER,

    Plaintiff,

v.                                                    Case No: 8:21-cv-2776-KKM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**ORDER**

DeShaun Perry-Tucker applied to the Social Security Administration for benefits. (Doc. 8-1 at 5.) The Commissioner denied his application and, after Perry-Tucker requested and received a hearing from an Administrative Law Judge (ALJ), that ALJ rendered the same decision. (*Id.* at 5, 18.) Perry-Tucker sued the Administration pro se and in Florida court, seeking damages from the Commissioner's "professional negligence." (Doc. 1-1.) The Commissioner removed the case to this Court and moved to quash service and dismiss the complaint for lack of subject matter jurisdiction, which Perry-Tucker opposed. (Doc. 8; Doc. 10.)

Perry-Tucker then objected to having a Magistrate Judge preside over the case. (Doc. 11.) The Court resolved the objection, noting that if the objection was to the

Magistrate Judge's decision on the Commissioner's Motion, it was premature because no decision had been rendered. (Doc. 12.) And if the objection was to the referral itself, Perry-Tucker gave no reason for unreferring the motion. (*Id.*) Finally, if the objection was to the Magistrate Judge overseeing the case, the Court concluded that "his objection [was] ill-taken" because the "parties ha[d] not consented to referring the entire case." (*Id.*)

The Magistrate Judge issued her Report and Recommendation on the Commissioner's Motion on April 12, 2022. (Doc. 13.) The Magistrate Judge recommends that the Court grant the Motion, require Perry-Tucker to properly serve the Commissioner, dismiss the complaint without prejudice, and permit Perry-Tucker to file an Amended Complaint. (*Id.*) The fourteen-day deadline for Perry-Tucker or the Commissioner to object to the Magistrate Judge's recommendation has passed (with an additional three days permitted for mailing). Although Perry-Tucker moved for a hearing on the Commissioner's Motion, (Doc. 14), he did not object to the Report and Recommendation, so the Court treats the Recommendation as unopposed. Nevertheless, the Court reviews the Magistrate Judge's legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.).

After a complete review, the Court adopts the Magistrate Judge's recommendation. First, the Court agrees that the United States has not waived sovereign immunity for the

2

claims Perry-Tucker brings in his Complaint. As a result, the Court lacks jurisdiction over the Complaint. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *accord Makozy v. Zimmerer*, 850 F. App'x 722, 723 (11th Cir. 2021) (per curiam). The United States has enacted a limited waiver of its sovereign immunity that permits plaintiffs to seek review of a denial of Social Security benefits. *See* 42 U.S.C. § 405(g) (authorizing judicial review of the Commissioner's final decision). But that review is limited to "affirming, modifying, or reversing" the Commissioner's decision and does not extend to the awarding of damages. *Id.* Perry-Tucker may not sue the Commissioner for "professional negligence" or for damages caused by the Commissioner's denial of benefits. Likewise, the Court agrees with the Magistrate Judge that if the Court instead construes Perry-Tucker's Complaint as asserting a *Bivens* claim, a Federal Tort Claims Act claim, or an Americans with Disability Act claim, the Complaint would still fail to invoke the Court's jurisdiction.

Nonetheless, the Court agrees with the Commissioner and the Magistrate Judge that Perry-Tucker should be permitted to file a complaint seeking review of the Commissioner's denial of benefits. (Doc. 8 at 10; 13 at 8.) As such, the Court will give Perry-Tucker leave to amend his complaint. The Court encourages Perry-Tucker to

3

carefully consider the Magistrate Judge's Report and Recommendation when drafting an amended complaint to ensure that pleading properly invokes this Court's jurisdiction.

Second, Perry-Tucker attempted to serve the Commissioner before the Commissioner removed the case to federal court. Thus, Florida law governed whether Perry-Tucker sufficiently served the Commissioner. *See Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019) (per curiam); *accord Lake Chase Condo. Ass'n, Inc. v. Sec'y of Hous. & Urb. Dev.*, No. 8:12-cv-177, 2013 WL 3772487, at *2 (M.D. Fla. July 16, 2013) (Merryday, J.). Because Perry-Tucker failed to comply with Florida's service law, the Court quashes Perry-Tucker's service.

But after removal, "federal law governs subsequent attempts at service of process." *Mochrie v. R.J. Reynolds Tobacco Co.*, No. 2:16-CV-306-FTM-38CM, 2016 WL 6681062, at *2 (M.D. Fla. Nov. 14, 2016) (Mirando, M.J.). Under the Middle District of Florida's Standing Order on Management of Social Security Cases, when a plaintiff files a complaint, the Clerk of Court must enter the Standing Order on the docket. *In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1 (Doc. 43). Then, unless the Commissioner moves for service of process within fourteen days of the Clerk filing the Standing Order, service is considered waived and the Commissioner must respond to the complaint. *Id.* Accordingly, the Court directs the Clerk to enter the Standing Order on the docket upon Perry-Tucker filing his Amended Complaint. If the Commissioner fails

4

to move for service within fourteen days of that entry, the Commissioner will have constructively waived service.

Accordingly, the following is **ORDERED:**

1. The Magistrate Judge's Report and Recommendation is **ADOPTED** and made a part of this Order for all purposes. (Doc. 13.)

2. Defendant's Motion to Quash Service and Dismiss the Complaint is **GRANTED**. (Doc. 8.) The Court quashes service and dismisses Perry-Tucker's Complaint without prejudice. Perry-Tucker may file an Amended Complaint no later than May 20, 2022.

3. Upon Perry-Tucker filing his Amended Complaint, the Clerk is directed to enter the Chief Judge's Standing Order on Management of Social Security Cases on the docket. *See In re: Administrative Orders of the Chief Judge*, No. 3:21-mc-1 (Doc 43).

**ORDERED** in Tampa, Florida, on May 4, 2022.

Kathryn Kimball Mizelle
United States District Judge

5